OPINION
{¶ 1} Cheryl G. Moody appeals pro se from the trial court's January 12, 2007 entry and order granting partial summary judgment in favor of appellee John Hunk, the executor of the estate of Betty Hunk. *Page 2 
 {¶ 2} The record reflects that executor Hunk filed an August 2006 two-count complaint against Moody and an individual named Daniel Stoff. Count one alleged that Moody had induced decedent Hunk to borrow $25,000 from a bank, to secure the loan with a mortgage on the decedent's home, and to allow Moody to receive the loan proceeds. Count one further alleged that Moody had entered into a written agreement with decedent Hunk to repay the $25,000. Finally, count one alleged that Moody had breached the agreement by failing to repay the money and that executor Hunk had repaid the bank $29,597.34 using estate assets. Count two alleged that Moody had fraudulently conveyed her interest in certain real estate to Stoff to hinder collection of her debt to decedent Hunk. As a result, executor Hunk sought judgment against Moody for $29,597.23 plus interest, costs, and attorney fees, as well as an order setting aside Moody's conveyance of her real estate to Stoff and the establishment of a lien on the property.
 {¶ 3} Moody filed a pro se answer in which she denied most of the allegations in the complaint. Although the answer did not set forth any formal defenses, it closed with the following question: "Is there aStatute of Limitation on the filing of this suit?" For his part, Stoff filed a pro se answer and later an amended answer in which he denied most of the allegations in the complaint. Stoff also filed a counterclaim alleging defamation and seeking compensatory damages of $50,000 and punitive damages of $50,000.
 {¶ 4} On October 24, 2006, executor Hunk moved for partial summary judgment. His motion sought summary judgment against Moody on the breach of contract claim in count one. Executor Hunk supported the motion with an affidavit in which he averred as follows: *Page 3 
 {¶ 5} "1. He is the Executor of the Estate of Betty R. Hunk, deceased.
 {¶ 6} "2. On June 14, 2001, Defendant Cheryl G. Moody induced decedent to borrow $25,000 from First National Bank of Germantown and secure the repayment of the loan by a mortgage on decedent's home located at 140 North Garland Avenue, Dayton, Ohio.
 {¶ 7} "3. Defendant Cheryl G. Moody received all of the proceeds of the loan.
 {¶ 8} "4. To memorialize her obligation to repay the mortgage loan, Defendant Cheryl G. Moody executed the agreement attached as Exhibit A.
 {¶ 9} "5. Defendant Cheryl G. Moody has breached this agreement by failing to make the payments.
 {¶ 10} "6. On August 18, 2006, decedent's home on Garland Avenue was sold and the balance owing on the mortgage debt, including interest, was paid by the estate in the amount of $29,597.23.
 {¶ 11} "7. Defendant Cheryl G. Moody owes the estate the sum of $29,597.23, plus interest at the legal rate and costs.
 {¶ 12} "Further Affiant saith not."
 {¶ 13} The "Exhibit A" referenced in the affidavit — a signed, witnessed, and notarized copy of the agreement between decedent Hunk and Moody — provides as follows:
 {¶ 14} "This Agreement is by and between Cheryl G. (Hunk) Moody and Betty R. Hunk.
 {¶ 15} "To wit; that Betty R. Hunk has obtained a line of equity credit on her personal residence for the purposes of helping Cheryl G. Moody, her daughter. *Page 4 
 {¶ 16} "Further, Cheryl G. Moody does hereby confirm and state for the record, that she will faithfully and dutifully repay said loan to the First National Bank of Germantown, Ohio on behalf of her mother, Betty R. Hunk.
 {¶ 17} "Further, this loan shall take precedence over all other loans and that Cheryl G. Moody will hold her mother harmless in regards to this loan."
 {¶ 18} On October 31, 2006, the trial court filed an entry in which it established a November 17, 2006 deadline for the filing of a response to the motion for partial summary judgment. Instead of filing a memorandum opposing summary judgment, Moody filed a November 1, 2006 pro se motion to dismiss. Her one-page motion states:
 {¶ 19} "Now comes Defendant Cheryl G. Moody, who hereby moves this court to render a Dismissal with Prejudice on the above case.
 {¶ 20} "1. The Plaintiff has failed to state a claim for which relief can be granted.
 {¶ 21} "2. This suit was untimely filed in violation of Statute of Limitations.
 {¶ 22} "3. Dismissed as a matter of law. [sic]
 {¶ 23} "4. That Plaintiff's exhibit A is not a contract, as there is no specifics laid out in said exhibit.
 {¶ 24} "5. Defendant states that there is no genuine issue or material facts to entitle the Plaintiff to any judgment against the Defendant."
 {¶ 25} On January 12, 2007, the trial court filed an entry and order sustaining executor Hunk's motion for partial summary judgment. Based on executor Hunk's affidavit, the trial court found no genuine issue of material fact and found the executor entitled to judgment as a matter of law for the amount prayed for in the complaint. The trial court also noted Moody's failure to file a response to executor Hunk's motion for *Page 5 
partial summary judgment. The trial court did not address her motion to dismiss. The trial court's ruling included the necessary Civ.R. 54(B) language "that there is no just reason to delay entering a final judgment in this matter." Moody subsequently filed a timely pro se appeal.
 {¶ 26} In her two-page appellate brief, Moody sets forth the following assignments of error and accompanying analysis:
 {¶ 27} "1. That the court erred in granting the Plaintiff'sPARTIAL SUMMARY JUDGMENT, that the Honorable Judge Michael T. Hall overlooked Appellant's MOTION TO DISMISS (Exhibit 4), as a response to the Plaintiff's pleading.
 {¶ 28} "2. That the court erred by alleging that there was no genuine issue as to any material fact.
 {¶ 29} "3. Further, during the course of this CASE, the Plaintiff made an Affidavit to the court, whereby the Plaintiff made assertions that come from speculation and not first hand knowledge, save the fact that Plaintiff is the Executor of Estate. As such, the Defendants, et al., feel the Plaintiff is in violation of RULES OF CIVIL PROCEDURE, RULE 56,SECTION G, `Affidavits made in bad faith') (Exhibit 2), inPLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT. (Exhibit 1).
 {¶ 30} "4. That the Appellant has denied all material facts in this Civil Action from the beginning and that the court should have granted the Appellant's MOTION TO DISMISS."
 {¶ 31} Upon review, we find the foregoing assignments of error to be unpersuasive. In her first assignment of error, Moody complains that the trial court "overlooked" her motion to dismiss. Although the trial court did not specifically address *Page 6 
Moody's motion, it implicitly overruled the motion by entering partial summary judgment against her. Moreover, the trial court did not err in implicitly overruling the motion. Moody's motion alleged a failure to state a claim for which relief can be granted and a statute of limitation violation. It also alleged that her written agreement with decedent Hunk was unenforceable because it lacked unspecified "specifics." Moody's motion contained no argument or analysis to support these bare allegations. In any event, count one of the complaint sufficiently stated a claim for breach of contract, and there is no statute of limitation violation. The statute of limitation on a breach of contract action is fifteen years. R.C. 2305.06. We also see no missing "specifics" that would render the written agreement unenforceable. Moody's first assignment of error is overruled.
 {¶ 32} In her second assignment of error, Moody claims the trial court erred in finding no genuine issue of material fact. She has failed, however, to identify any particular genuine issue of material fact that would preclude the entry of summary judgment on count one. Therefore, her second assignment of error is overruled.
 {¶ 33} In her third assignment of error, Moody contends executor Hunk's summary judgment affidavit was made in bad faith because it was based on "speculation" rather than first-hand knowledge. Moody neither raised this issue below nor sought to test Hunk's basis of knowledge. As a result, she has forfeited the issue on appeal, and we find no civil plain error. The third assignment of error is overruled.
 {¶ 34} In her fourth assignment of error, Moody stresses that she has "denied all material facts" from the beginning of this litigation. In response to a properly supported summary judgment motion, however, "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or *Page 7 
as otherwise specified in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Executor Hunk filed a properly supported summary judgment motion, and Moody failed to show the existence of any genuine issue for trial. Consequently, the trial court did not err in entering summary judgment against her. The fourth assignment of error is overruled.
 {¶ 35} Based on the reasoning set forth above, we affirm the judgment of the Montgomery County Common Pleas Court.
 GRADY, J., and GLASSER, J., concur. *Page 1